UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WOODS,<br><br>            Plaintiff,<br><br>     v.<br><br>B. SWIFT, et al.,<br><br>            Defendants. | No. 2:14-cv-2665 JAM KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 17.) For the following reasons, the undersigned recommends that defendants' motion be denied.

Legal Standard for Motion to Dismiss

    Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir.

1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's Claims

This action is proceeding on the original complaint as to defendants Nurse Hayes and Nurse Swift. (ECF No. 1.) Plaintiff alleges that in January 2013, he injured his left ring finger while playing basketball. (Id. at 3.) Plaintiff alleges that his finger snapped back. (Id.) After injuring his finger, plaintiff returned to his building and spoke with defendant Hayes. (Id.) Defendant Hayes looked at plaintiff's hand and said that there was nothing wrong and "it's probably jammed." (Id. at 4.) Defendant Hayes told plaintiff to return to his cell. (Id.)

Plaintiff later filled out a "sick call" form, complaining about the injury to his hand and finger. (Id.) Plaintiff could not close his hand or make a fist due to swelling and severe pain.

1    (Id.)  Defendant Hayes again saw plaintiff, apparently in response to the sick call form.  (Id.)

2    Plaintiff asked defendant Hayes if he could see a doctor.  (Id.)  Defendant Hayes denied

3    plaintiff's request to see a doctor.  (Id.)  Defendant Hayes gave plaintiff an ice pack only after

4    plaintiff said he would file a 602 form.  (Id.)   Defendant Hayes told plaintiff that the ice pack

5    should help with the swelling.  (Id.)

6    On February 24, 2014, plaintiff was seen by defendant Swift.  (Id.)  Defendant Swift

7    examined plaintiff's hand and said, "there is nothing wrong with your finger or hand...it's just

8    jammed or sprained."  (Id.)  Plaintiff told defendant Swift that he was in severe pain and could

9    not close his hand.  (Id.)  Plaintiff asked to be seen by a doctor.  (Id.)

10   On April 17, 2014, plaintiff was seen by a doctor for his chronic care evaluation, which he

11   received every 45 to 60 days.  (Id.)  In other words, plaintiff was not seen in response to his

12   complaints regarding the injury to his hand.  (Id.)  Dr. Hamkar told plaintiff that the tendon had

13   snapped, and referred plaintiff for x-rays and to orthopedics to make sure that there was not

14   anything else wrong.  (Id.)  Plaintiff received surgery on his hand on July 11, 2014, i.e., five

15   months after originally injuring it.  (Id.)  The surgeon told plaintiff that if plaintiff had been seen

16   sooner, the surgeon would have been able to reattach the tendon.  (Id.)   The surgeon told plaintiff

17   that because it took so long for him to receive surgery, the surgeon would have to put a piece of

18   metal in plaintiff's finger and that plaintiff might not be able to close his hand into a fist.  (Id.)

19   Discussion

20   Defendants argue that plaintiff has failed to state a potentially colorable Eighth

21   Amendment claim.

22   *Legal Standard for Eighth Amendment Claims*

23   To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

24   plaintiff must establish that he had a serious medical need and that the defendant's response to

25   that need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see

26   also Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

27   treat the condition could result in further significant injury or the unnecessary and wanton

28   infliction of pain.  Jett, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial,

3

delay or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842.

A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

*Analysis*

Defendants first argue that plaintiff has not alleged a serious medical need, i.e., the objective component of an Eighth Amendment claim. Defendants argue that at the time they saw plaintiff, he had a non-obvious injury to a tendon in his left ring finger. Defendants argue that at the time they examined him, no physician had diagnosed an injury mandating treatment.

The Ninth Circuit has stated that a serious medical need exists "if failure to treat the injury or condition "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The Ninth Circuit has also stated that a serious medical need includes "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin v. Smith, 974 F.2d 1050, 1059–60 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

Defendants cite a Tenth Circuit case, Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005), for the proposition that a serious medical need exists if it has been first diagnosed by a doctor. In Mata, the Tenth Circuit stated that to establish a serious medical need, plaintiff is required to demonstrate that his injury "has been diagnosed by a physician as mandating treating or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005). Defendants argue that a non-obvious injury, like plaintiff's, does not constitute a serious medical need if it has not been diagnosed as mandating treatment by a physician.

The undersigned is not aware of any Ninth Circuit or Supreme Court case holding that an injury must be diagnosed by a physician at the time defendants treat a prisoner in order to demonstrate the objective component of an Eighth Amendment claim.[1] Instead, Ninth Circuit

---

[1] In Mata, the Tenth Circuit went on to indicate that the test for determining whether an injury was sufficiently serious was not necessarily limited to the symptoms presented to the defendant but could also be demonstrated by the alleged harm to the prisoner:

> Thus, on several occasions our published opinions have defined a sufficiently serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Sealock, 218 F.3d at 1209 (internal quotation marks omitted); see also Olsen v. Layton Hills Mall, 312 F.3d 1304, 1315 (10th Cir. 2002); Garrett, 254 F.3d at 949; Oxendine, 241 F.3d at 1276; Hunt, 199 F.3d at 1224. The problem with this formulation is that it can be read to say that the determination whether a medical need is sufficiently serious is to be made exclusively by the symptoms presented at the time the prison employee has contact with the prisoner. Indeed, that is how Judge Baldock interprets the test in his dissent. We do not view the objective test as so limited. For example, when delay by prison employees results in damage to a prisoner's heart, the question raised by the objective prong of the deliberate indifference test is whether the alleged harm (such as heart damage) is sufficiently serious (which it undoubtedly is), rather than whether the symptoms displayed to the prison employee are sufficiently serious (as argued by Judge Baldock). In this context, the symptoms displayed are relevant only to the subjective component of the test: were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?
>
> None of our published opinions stating the above-quoted test has needed to choose whether the test for the objective component applies to (1) the alleged harm to the prisoner or (2) the prisoner's symptoms at the time of the prison employee's actions. Thus, the

case law considers plaintiff's symptoms at the time of treatment in evaluating the subjective component of an Eighth Amendment claim.

Based on the Ninth Circuit and Supreme Court precedent set forth above, the undersigned finds that plaintiff has demonstrated that he had a serious medical need. Plaintiff had what turned out to be a snapped tendon, which required surgery. This untreated condition caused plaintiff to suffer pain. Furthermore, plaintiff had a serious medical need as defined by the Tenth Circuit. Plaintiff alleges that his hand was swollen, he could not make a fist and that he suffered great pain. Based on these symptoms, a lay person would recognize the necessity for a doctor's attention. Accordingly, defendants' motion to dismiss on these grounds should be denied.

Defendants next argue that plaintiff has not established that defendants acted with deliberate indifference, i.e., the subjective component of an Eighth Amendment claim. Defendants argue that plaintiff has failed to allege sufficient facts showing defendants' subjective knowledge of a serious risk of harm and the intention to disregard that risk.

As discussed above, plaintiff alleges that he told both defendants that he was in pain. While plaintiff does not specifically allege that he told defendant Hayes that he could not make a fist, he alleges that defendant Hayes examined him, on two separate occasions, and observed swelling. Plaintiff alleges that he told defendant Swift that he was in pain and that he could not make a fist. Plaintiff alleges that both defendants refused to refer him to a doctor. Based on these allegations, the undersigned finds that plaintiff has sufficiently alleged facts demonstrating that defendants were aware of facts from which the inference could be drawn that plaintiff had a serious medical need. Plaintiff's claim that defendants denied his request for medical care, including his request to see a doctor, states a potentially colorable claim for deliberate indifference.

---

view that it applies to the former is neither foreclosed by nor contrary to circuit precedent. Moreover, it is most consistent with the Supreme Court's delineation of the objective component in Farmer, see 511 U.S. at 834 (stating that the harm "alleged must be, objectively, sufficiently serious"); see also Wilson v. Seiter, 501 U.S. 294, 29 (1991) (noting that the objective test inquiry is simply: "Was the deprivation sufficiently serious").

Mata v. Saiz, 427 F.3d 745, 754 (10th Cir. 2005).

While plaintiff alleges that defendant Hayes gave him an ice pack after he threatened to file a grievance against her, plaintiff has plead sufficient facts supporting a claim that further treatment was warranted, including referral to a doctor. In other words, plaintiff's receipt of an ice pack does not alter the undersigned's analysis of plaintiff's deliberate indifference claim against defendant Hayes.

Accordingly, defendants' motion to dismiss on these grounds should be denied.

*Qualified Immunity*

Defendants also move to dismiss on grounds that they are entitled to qualified immunity.

In analyzing a claim of qualified immunity, a court must examine (1) whether the facts as alleged, taken in the light most favorable to plaintiff, show that the defendant's conduct violated a constitutional right, and (2) if a constitutional right was violated, whether, "in light of the specific context of the case," the constitutional right was so clearly established that a reasonable official would understand that what he or she was doing violated that right. See Saucier, 533 U.S. at 201–02. If no constitutional right was violated, the inquiry ends and the defendant prevails. Saucier, 533 U.S. at 201.

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted ." Saucier v. Katz, 533 U.S. 194, 202 (2001), overruled on other grounds by Pearson v. Callahan, 555 U.S. 223 (2009). The right allegedly violated must be clearly established at more than a general level; "the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640, (1987). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Id. (internal citation omitted).

Courts are not required to address the two inquiries in any particular order. Rather, courts may "exercise their sound discretion in deciding which of the two prongs of the qualified

immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 243 (2009).

Taking the facts in the light most favorable to plaintiff, the undersigned finds that plaintiff has plead facts demonstrating that defendants violated his Eighth Amendment right to adequate medical care. As discussed above, plaintiff alleges that defendants refused to provide him with medical treatment after he presented them with symptoms demonstrating a serious medical need.

The undersigned also finds that plaintiff's Eighth Amendment right to adequate medical care was so clearly established that a reasonable nurse would have known that disregarding plaintiff's request for medical care, including the request to see a doctor, violated that right.

For the reasons discussed above, the undersigned finds that defendants are not entitled to qualified immunity.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 17) be denied; and defendants be ordered to file a response to the complaint within twenty days of the adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 28, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wo2665.mtd