UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WOODS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B. SWIFT, et al.,<br><br>　　　　　Defendants. | No. 2: 14-cv-2665 JAM KJN P<br><br><br>ORDER |

I. Introduction

　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to file an amended complaint and proposed amended complaint. (ECF No. 35.) Also pending are several other matters.

II. Motion to Amend

　　A. Legal Standard

　　"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed.R.Civ.P. 15(a)); accord Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

1

delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951; accord Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at 1117.  While "'prejudice to the opposing party carries the greatest weight,'" Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at 1117 (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)), leave to amend "is properly denied ... if amendment would be futile," Carrico v. City and Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (citing Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010)).  Further, "[a] party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'" Air Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc., 744 F.3d 595, 600 (9th Cir. 2014) (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

      B. Plaintiff's Original Complaint and Proposed Amended Complaint

*Claims in Original Complaint*

This action is proceeding on the original complaint as to defendant Nurse Swift.  (ECF No. 1.)  Plaintiff voluntarily dismissed his claims against former defendant Hayes.  (ECF No. 33.)

Plaintiff alleges that on or around the third week of January 2014, he injured his left ring finger while playing basketball.  (ECF No. 1 at 3.)  Plaintiff alleges that his finger snapped back. (Id.)  After injuring his finger, plaintiff returned to his building and spoke with former defendant Nurse Hayes.  (Id.)  Nurse Hayes told plaintiff that there was nothing wrong with his finger, and plaintiff returned to his cell.  (Id. at 4.)

Plaintiff latter filled out a "sick call" form, complaining about the injury to his hand and finger.  (Id.)  Plaintiff could not close his hand or make a fist due to the swelling and severe pain. (Id.)  Nurse Hayes saw plaintiff in response to the sick call form.  (Id.)  Nurse Hayes gave plaintiff an ice pack and told him that it should help the swelling.  (Id.)

On February 24, 2014, plaintiff was seen by defendant Swift.  (Id.)  Defendant Swift examined plaintiff's hand and allegedly said, "there is nothing wrong with your finger or hand…it's just jammed or sprained."  (Id.)  Plaintiff told defendant Swift that he was in severe pain and could not close his hand.  (Id.)  Plaintiff asked to be seen by a doctor.  (Id.)

////

On April 17, 2014, plaintiff was seen by a doctor for his chronic care evaluation, which he receives every 45 to 60 days. (Id.) In other words, plaintiff was not seen in response to his complaints regarding the injury to his hand. (Id.) Dr. Hamkar told plaintiff that the tendon had snapped, and referred plaintiff for x-rays and to orthopedics to make sure that there was not anything else wrong. (Id.) Plaintiff received surgery on his hand on July 11, 2014, i.e., five months after originally injuring it. (Id.) Plaintiff alleges that the surgeon told plaintiff that if plaintiff had been seen sooner, the surgeon would have been able to reattach the tendon. (Id.) The surgeon told plaintiff that because it took so long for him to receive surgery, the surgeon would have to put a piece of metal in plaintiff's finger and that plaintiff might not be able to close his hand into a fist. (Id.)

*Proposed Amended Complaint*

The only named defendant in the proposed amended complaint is defendant Swift. The allegations in the proposed amended complaint are largely the same as those made in the original complaint but for the following changes. First, in the proposed amended complaint, plaintiff alleges that he injured his left ring finger on February 21, 2014. (ECF No. 35 at 13.) The proposed amended complaint also alleges another encounter with defendant Swift on April 9, 2014. (Id. at 15.) Plaintiff alleges that during this encounter, he told defendant Swift that he still had not seen a doctor for his finger. (Id.)

Like the original complaint, the proposed amended complaint alleges that defendant Swift violated plaintiff's Eighth Amendment right to adequate medical care. The proposed amended complaint also alleges that defendant Swift received training regarding policies concerning how to treat patients presenting with non-traumatic musculoskeletal complaints. (Id. at 17-19.)

C. Discussion

*Bad Faith*

A motion to amend brought to avoid the possibility of an adverse ruling may support a finding of bad faith. Acri v. International Ass'n of Machinists, 781 F.2d 1393, 1398–99 (9th Cir. 1986). However, the inquiry is fact-specific and in this case, the stated ground for amendment must be viewed in the context of plaintiff's status as a prisoner proceeding pro se and the

procedural posture of this case.

Defendant argues that plaintiff's motion to amend is made in bad faith.  Defendant argues that at his deposition, plaintiff testified that he injured his finger in February 2014.  Defendant argues that realizing his deposition testimony is inconsistent with the allegation in his complaint that he injured his finger in the third week of January 2014, plaintiff now seeks to remove the inconsistency.

Defendant argues that plaintiff is trying to manufacture a better claim by making a significant change to the factual allegation at the heart of his deliberate indifference claim. Defendant argues that the original complaint alleges that he suffered the injury and pain to his left finger for approximately one month before he first saw defendant Swift on February 24, 2014. Defendant argues that "[a]fter plaintiff presumably realized that his facts as he alleged them, would face real scrutiny once evidence beyond the allegations in his complaint were to be considered, he asks the court for leave to file the proposed amended complaint."  (ECF No.  40 at 3.)

In his reply to defendant's opposition to his motion to amend, plaintiff states that he was mistaken that the injury to his left hand occurred in January 2014, and that he explained this to defense counsel at the deposition.  (ECF No. 43.)

At the outset, the undersigned finds that plaintiff's clarification of the date when he allegedly hurt his left ring finger is not a direct contradiction of a claim made in the original complaint.  The undersigned also finds that plaintiff's clarification is not, on its face, an attempt to avoid an adverse ruling, as suggested by defendant.  Plaintiff's amended claim that defendant Swift disregarded an injury he had suffered three days earlier, is not necessarily better than the original claim that defendant Swift disregarded an injury he had suffered approximately one month earlier.

The undersigned does not find that plaintiff's request to amend his complaint to clarify the date his injury occurred is made in bad faith.

////

////

4

*Futility*

Like the original complaint, the amended complaint alleges one legal claim for relief: an alleged violation of the Eighth Amendment right to adequate medical care. Defendant argues that plaintiff's proposed amendments alleging that defendant failed to provide him with the level of care required by the policies pursuant to which she received training adds nothing to his underlying Eighth Amendment claim.

The undersigned agrees that plaintiff's allegations regarding the policies and procedures pursuant to which defendant Swift received training are not particularly relevant to his Eighth Amendment claim. However, defendant is not prejudiced by these claims either. For these reasons, the undersigned does not find that plaintiff's proposed amendments to include allegations regarding policies and procedures are futile.

*Prejudice/Undue Delay*

In the opposition to the motion to amend, defendant argues that allowing plaintiff to amend his complaint would prejudice defendant, as well as result in undue delay, because it may necessitate further discovery, the imposition of additional costs and unnecessary further delay. Defendant argues that the discovery deadline passed and defense counsel is preparing a summary judgment motion. Defendant argues that allowing the proposed amendment would unnecessarily prolong this litigation.

The August 6, 2015 scheduling order set the discovery cut-off date as November 20, 2015, and the dispositive motion filing date as February 12, 2016. (ECF No. 25.) Plaintiff filed his motion to amend on November 10, 2015. (ECF No. 35.) Without waiting for a ruling on the motion to amend, defendant filed her summary judgment motion on February 11, 2016. (ECF No. 47.)

Plaintiff's proposed amendments do not so materially alter the claims so that defendant would be required to re-start the discovery process. After reviewing defendant's summary judgment motion, it appears that this motion could be applied to the proposed amended complaint. In the summary judgment motion, defendant argues that plaintiff sought treatment for his *right* finger but not, as alleged in the complaint, his *left* finger. This argument appears equally

1 applicable to the claims made in the amended complaint.

2     In addition, it is unclear why defendant did not request a modification of the scheduling order to move the dispositive motion filing deadline after the court ruled on the motion to amend. Defendant prejudiced herself by filing the summary judgment motion before receiving a ruling on the motion to amend.

    For these reasons, the undersigned does not find that defendant has demonstrated adequate prejudice.

### D. Conclusion

    For the reasons discussed above, plaintiff's motion to amend is granted. Defendant's summary judgment motion is vacated. Defendant is granted twenty-one days to file a response to the amended complaint. Defendant is also granted an opportunity to conduct additional discovery. Within twenty-one days, defendant shall inform the court whether she intends to conduct additional discovery. If defendant does not conduct additional discovery, she may request reinstatement of the summary judgment motion filed February 11, 2016.

## III. Remaining Matters

### A. Plaintiff's Motion to Modify the Scheduling Order

    On October 6, 2015, plaintiff filed a motion for a modification of the scheduling order. (ECF No. 31.) As discussed above, the August 6, 2015 scheduling order set the discovery cut-off date at November 20, 2015, and the dispositive motion cut-off date at February 12, 2016. (ECF No. 25.) The scheduling order provided that all requests for discovery were to be served no later than sixty days prior to November 20, 2015. (Id.)

    In the motion to modify the scheduling order, plaintiff seeks an extension of time to conduct discovery. Plaintiff alleges that he served defendant Swift with his first set of discovery requests on August 11, 2015. Plaintiff requests an extension of time to serve defendant Swift with additional discovery requests. In relevant part, plaintiff alleges,

> My discovery thus far is geared towards learning whether Swift's actions were in fact reasonable and supported by established medical norms, or whether her actions were medically unacceptable under the circumstances. Upon receiving Swift's initial discovery responses, I will need to serve an additional set of interrogatories

1 and requests for admissions.
2 (ECF No. 31 at 4.)
3        Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified
4 only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The good cause
5 standard "primarily considers the diligence of the party seeking the amendment."  Johnson v.
6 Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The district court may modify
7 the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the
8 extension."  Id.
9        Plaintiff does not explain why his initial discovery requests were inadequate, nor does he
10 specify what additional discovery he hopes to obtain.  Plaintiff's general claim that he has no
11 formal legal education (ECF No. 31 at 3) does not adequately explain his failure to conduct
12 timely discovery.  As plaintiff fails to show good cause to modify the scheduling order, the court
13 denies this motion.
14        B.  Motion to Compel
15        In the timely motion to compel (ECF No. 37.), plaintiff requests that defendant be ordered
16 to provide additional responses to interrogatories nos. 15 and 16, and request for production of
17 documents nos. 1, 2 and 8.
18        In the opposition to the motion to compel, defendant states that as a result of meeting and
19 conferring with plaintiff, defendant provided plaintiff with supplemental responses to request for
20 production of documents nos. 1 and 8.  (ECF No. 41 at 3.)  Because defendant provided these
21 supplemental responses, defendant presumes that these requests are no longer at issue.  Plaintiff
22 has filed no briefing disputing this contention.  Accordingly, the undersigned finds that the
23 motion to compel as to request for production of documents nos. 1 and 8 is no longer at issue.
24        A party can discover any nonprivileged information which is relevant to the claims or
25 defenses of any other party.  Fed. R. Civ. P. 26(b)(1).  Relevant information does not have to be
26 admissible; relevance is construed broadly.
27 ////
28 ////

1   Interrogatory no. 15 asked,

> Aside from the policies identified in Document Requests 3 and 4, please list by author, title publisher, and edition, the texts, treatises, articles, and other works which you regarded on February 24, 2014 as authoritative in your field of practice as an RN.

(Id. at 15.)

Defendant responded to interrogatory no. 15 as follows:

> Defendant objects to this request on the grounds that "as authoritative in your filed of practice as an RN" is vague and ambiguous, the interrogatory is also compound, overbroad and burdensome. Defendant further objects on the grounds that the request is not likely to lead to the discovery of relevant or admissible evidence.

(Id.)

In the motion to compel, plaintiff argues that the information sought in interrogatory no. 15 relates to whether defendant Swift violated the Eighth Amendment by refusing to allow plaintiff to see a doctor. In the opposition to the motion to compel, defendant argues that plaintiff assumes that defendant is advancing the proposition that a nurse may flatly refuse an inmate to see a doctor. Defendant concedes that knowingly refusing to refer an inmate with a serious medical injury to a doctor for treatment would violate prison policies and procedures. However, defendant argues, she did not evaluate plaintiff's left hand because plaintiff did not seek medical attention for that finger.

The undersigned agrees with defendant that the phrase "as authoritative in your field of practice as an RN" is vague and ambiguous. On this ground, the motion to compel as to request no. 15 is denied.

Interrogatory no. 16 asked,

> Aside from the policies listed in Document Requests 3 and 4, please list by author, title and edition the texts, treatises, articles, and other works which you regarded on February 24, 2014 as authoritative concerning the course of treatment you chose for plaintiff after examining his injured ring finger.

(ECF No. 41 at 16.)

////

8

Defendant responded to interrogatory no. 16 as follows:

> Defendant objects to this request on the grounds that "as authoritative concerning the course of treatment you chose for plaintiff after examining his injured ring finger" is vague and ambiguous, as to which ring finger plaintiff is referring to. Defendant further objects on the grounds that the interrogatory is also compound, overbroad and burdensome. Without waiving objections, defendant responds: she did not see plaintiff at any time for his left ring finger and therefore did not choose a course of treatment for plaintiff's left ring finger. Defendant saw plaintiff for his right ring finger on February 24, 2014.

(Id.)

The undersigned finds that defendant Swift adequately responded to interrogatory no. 16. Accordingly, the motion to compel is denied as to this interrogatory.

Request for production of documents no. 2 asked defendant for all documents detailing the scope of defendant's licensure as an RN. (Id. at 21.) Defendant objected to this request as vague, overbroad and not likely to lead to the discovery of admissible evidence. (Id.)

In the opposition to the motion to compel, defendant argues that request no. 2 would conceivably include any number of text books, manuals, treatises, journals and other documents which opine on the nursing profession in the abstract with no relation to the claims in this case, and therefore, have no probative value. Defendant's objection is well taken. The motion to compel a further response to request for production of documents no. 2 is denied on grounds that the request is overbroad.

### D. Plaintiff's Motions for Property

On January 25, 2016, plaintiff filed two motions requesting that prison officials at the Sierra Conservation Center ("SCC") be ordered to give plaintiff his legal property. (ECF Nos. 44, 45.) In these motions, plaintiff alleges that on December 16, 2015, he was transferred to Mule Creek State Prison ("MCSP"), where he currently resides. Plaintiff alleges that prison officials at SCC, where he was previously incarcerated, failed to send his legal property to MCSP.

Court records indicate that on February 29, 2016, plaintiff filed an opposition to defendant's summary judgment motion. (ECF No. 48.) Based on this filing, it appears that plaintiff has access to his legal property. Accordingly, plaintiff's motions for access to his legal

```
```

property are denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the scheduling order (ECF No. 31) is denied;

2. Plaintiff's motion to compel (ECF No. 37) is denied;

3. Plaintiff's motions for access to his legal property (ECF Nos. 44, 45) are denied;

4. Plaintiff's motion for leave to amend (ECF No. 35) is granted; this action now proceeds on the amended complaint attached to the motion to amend;

5. Defendant's February 11, 2016 summary judgment motion (ECF No. 47) is vacated;

6. Defendant is granted twenty-one days to file a response to the amended complaint and to inform the court whether she intends to conduct additional discovery; defendant shall also inform the court whether she seeks reinstatement of the vacated summary judgment motion filed February 11, 2016.

Dated: April 25, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wo2665.ame