1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   MICHAEL WOODS,                          No.  2:  14-cv-2665 JAM KJN P

11              Plaintiff,

12        v.                                 ORDER

13   B. SWIFT, et al.,

14              Defendants.

15

16        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

17   to 42 U.S.C. § 1983.  On February 11, 2016, defendant filed a summary judgment motion.  (ECF

18   No. 47.)  On April 25, 2016, the undersigned granted plaintiff's motion to file an amended

19   complaint.  (ECF No. 50.)  The April 25, 2016 order vacated defendant's summary judgment

20   motion, and granted defendant twenty-one days to file a response to the amended complaint and

21   to inform the court whether she seeks reinstatement of the vacated summary judgment motion.

22   (Id.)

23        On May 13, 2016, defendant filed an answer to the amended complaint (ECF No. 51) and

24   a motion to reinstate her summary judgment motion (ECF No. 52.)

25        Good cause appearing, defendant's motion to reinstate her summary judgment motion is

26   granted.  For the reasons stated herein, both parties are directed to file further briefing.

27   ////

28   ////

                                              1

1    *Plaintiff's Claims*

2          This action is proceeding on plaintiff's amended complaint filed November 10, 2015,

3    against defendant Swift.  (ECF No. 35.)  Plaintiff alleges that defendant Swift, a nurse, provided

4    inadequate medical care in violation of the Eighth Amendment.

5          Plaintiff alleges that on <u>February 21, 2014</u>, he injured his left ring finger while playing

6    basketball.  (<u>Id.</u> at 13 (emphasis added).)  Plaintiff alleges that he hyperextended his finger.  (<u>Id.</u>)

7    Plaintiff alleges that on February 24, 2014, defendant Swift examined his left ring finger and told

8    him that there was nothing wrong with his hand.  Plaintiff alleges that defendant Swift denied his

9    request to see a doctor.  (<u>Id.</u> at 13-14.)

10         Plaintiff alleges that on April 9, 2014, he had another triage with defendant Swift

11   regarding an injury to his lower leg area.  (<u>Id.</u> at 15.)  During this examination, defendant Swift

12   said, "Another basketball injury.  I'm charging you $5."  (<u>Id.</u>)  Plaintiff told defendant Swift that

13   he had not yet seen a doctor for his injured finger.  (<u>Id.</u>)  Defendant Swift replied, "You are not

14   going to see a doctor for your leg."  (<u>Id.</u>)

15         Plaintiff alleges that on April 17, 2014, he saw Dr. Hamkar for a chronic care follow-up

16   visit.  (<u>Id.</u>)  The purpose of this visit was not an evaluation of plaintiff's injured finger.  (<u>Id.</u>)

17   However, Dr. Hamkar evaluated plaintiff's left ring finger, noting that plaintiff was unable to

18   fully flex the finger.  (<u>Id.</u>)  Dr. Hamkar further noted "some mild swelling at the proximal

19   interphalangeal joint."  (<u>Id.</u>)  Dr. Hamker ordered an x-ray after concluding that plaintiff had a

20   possible rupture of his flexor tendons at the proximal interphalangeal and the distal

21   interphalangeal joints.  (<u>Id.</u>)  Dr. Hamkar also found that because plaintiff was left handed, he

22   would refer him to hand surgery for evaluation and treatment.  (<u>Id.</u>)

23         Plaintiff alleges that on April 20, 2014, Dr. Hamkar's request to refer plaintiff for

24   evaluation by an orthopedic specialist was approved.  (<u>Id.</u>)  On June 30, 2014, plaintiff was

25   evaluated by Dr. Ibrahim, an orthopedic surgeon.  (<u>Id.</u> at 16.)  Dr. Ibrahim told plaintiff that the

26   only option was to fuse the finger joint using a screw to give him more function.  (<u>Id.</u>)  Dr.

27   Ibrahim told plaintiff that he could not locate and reattach the torn tendon, given the amount of

28   time between the injury and his surgical evaluation.  (<u>Id.</u>)

1       Plaintiff alleges that on July 11, 2014, he had surgery on his left ring finger.  (Id.)

2   Plaintiff alleges that he has permanent nerve damage in his left ring finger and requires the use of

3   a finger sleeve.  (Id.)  Plaintiff alleges that he has permanently lost the full range of motion in his

4   left ring finger.  (Id.)

5   *Discussion*

6       In the summary judgment motion, defendant argues that plaintiff did not complain about

7   his left ring finger on February 24, 2014.  Defendant presents a medical record demonstrating that

8   she treated plaintiff for an injury to his right ring finger on February 24, 2014.  Defendant argues

9   that she did not act with deliberate indifference on February 24, 2014 because she was unaware of

10  the injury to plaintiff's left ring finger.

11      In his opposition, plaintiff argues that defendant lied about which ring finger she treated

12  on February 24, 2014.  However, he also attaches a grievance he signed on April 16, 2014 in

13  which he wrote that on March 18, 2014, defendant Swift examined him for an injury to his left

14  ring finger and failed to schedule him to see a doctor.  (ECF No. 48 at 10 (emphasis added).)

15  Plaintiff also attaches a chronic-care follow-up visit/progress note dated April 17, 2014.  (Id. at

16  14.)  This report, signed by Dr. Hamkar, states that he examined plaintiff for his chronic care

17  issues and injury to his left ring finger.  (Id.)  Dr. Hamkar wrote that plaintiff injured his left

18  finger about "one month ago."  (Id.)  Plaintiff's April 16, 2014 grievance and Dr. Hamkar's notes

19  suggest that plaintiff injured his left finger in March 2014, and not on February 21, 2014, as

20  alleged.

21      Erring on the side of caution, both parties are directed to file further briefing addressing

22  whether defendant Swift examined an injury to plaintiff's left ring finger any time between

23  February 24, 2014, and April 16, 2014.  If such records exist, the parties shall include those

24  records in their further briefing.  If such records do exist, the parties shall also address whether

25  defendant Swift's treatment of plaintiff's injury to his left ring finger constituted deliberate

26  indifference.

27  ////

28  ////

3

1       Accordingly, IT IS HEREBY ORDERED that:

2       1.  Defendant's motion to reinstate her motion for summary judgment (ECF No. 52) is

3   granted;

4       2.  The parties shall both file the further briefing described above within thirty days of the

5   date of this order.

6   Dated:  June 3, 2016

7

8                                               _____
    Wo2665.fb                                   KENDALL J. NEWMAN
9                                               UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    4